**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOSE R. MARTINEZ and CHRISTINA BUCHANAN MARTINEZ,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC., a Florida corporation, FKA Walt Disney World Co.,<br><br>        Defendant - Appellee. | No. 13-56626<br><br>D.C. No. 8:11-cv-00214-JVS-RNB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted October 21, 2015
Pasadena, California

Before: IKUTA and OWENS, Circuit Judges and SESSIONS,[**] District Judge.

Jose Martinez appeals from the district court's decision ordering an offset of

attorneys' fees and costs. As the parties are familiar with the facts, we do not

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable William K. Sessions III, District Judge for the U.S. District Court for the District of Vermont, sitting by designation.

recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and review the district court's order for abuse of discretion. *Kohler v. Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1263 (9th Cir. 2015). We affirm.

**1.** The district court did not abuse its discretion in concluding that Disney was the substantially prevailing party and that Martinez was a limited prevailing party. Martinez brought nine causes of action and prevailed on only a few claims in comparison to Disney. Martinez is correct that negotiating a settlement can confer prevailing status on a plaintiff. *See Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000). The district court, however, did not ignore the settlement agreement, or the claims upon which Martinez prevailed at trial, but considered these victories in light of Martinez's allegations at the outset of litigation.

**2.** The district court did not abuse its discretion in holding that Martinez's family restroom and emergency evacuation claims were frivolous. A claim is frivolous "when the result is obvious or the . . . arguments of error are wholly without merit." *C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1245 (9th Cir. 2015) (citation omitted). As to the family restroom claim, Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (ADA) does not require unisex restrooms. *See Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d

2

1075, 1084-85 (9th Cir. 2004) (agreeing with the Fifth Circuit and the District of Oregon that courts must rely on the ADA guidelines "in cases that involve the *design* of a public accommodation under the ADA") (emphasis in original).

With regards to the emergency evacuation claim, the district court concluded that the claim was frivolous after holding at summary judgment that (1) Disney's attraction-specific evacuation policies did not violate the ADA and (2) Disney's park-wide evacuation policies were appropriate because two of Disneyland's evacuation routes were accessible to the public. It was not an abuse of discretion for the district court to conclude that the claim was frivolous because Disneyland had two evacuation routes fully accessible to disabled individuals and was prepared to evacuate persons with disabilities through its Emergency Response Team, "which was created and is trained specifically to evacuate guests from rides when those guests cannot evacuate themselves," so the claim lacked a factual basis. *See Tutor-Saliba Corp. v. Hailey*, 452 F.3d 1055, 1061 (9th Cir. 2006) (affirming the district court's holding that plaintiff's claims were frivolous when they lacked "a factual and legal basis").

**3.** The district court did not abuse its discretion in its calculation of attorneys' fees for Disney. Under *Fox v. Vice*, a "court may grant reasonable fees to the defendant . . . but only for costs that the defendant would not have incurred

3

but for the frivolous claims." 131 S. Ct. 2205, 2211 (2011). A "trial court has wide discretion in applying this standard," *id.*, "may take into account [its] overall sense of a suit, and may use estimates in calculating and allocating an attorney's time," *id.* at 2216. A reviewing court must keep in mind that the essential goal "is to do rough justice, not to achieve auditing perfection," and "must give substantial deference" to the trial court's determination. *Id.* at 2216.

The district court recognized that Disney was entitled "to only a portion of its attorney fees because the Court [had] determined that only two of Plaintiffs' three asserted claims were frivolous." Accordingly, after considering Disney's billing records, the court concluded that the proposed apportionments "roughly track[ed] the amount of work that had to be done to defend against Plaintiffs' frivolous claims." The district court applied the correct standard and, having done so, had wide discretion in determining the appropriate fee award.

**4.** The district court did not abuse its discretion in its costs award to Disney. The court awarded costs to Disney pursuant to Rule 54(d), which provides costs for prevailing parties. It is unclear whether the district court appropriately applied Rule 54(d) with regards to costs for litigating the ADA claims, *see Miles v. California*, 320 F.3d 986, 988-89 (9th Cir. 2003), or whether it should have applied the *Christiansburg* test, which only allows for costs incurred in successfully

4

litigating frivolous claims, *see Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001). The court need not decide this issue, however, because even if the district court had not awarded Disney the total costs of $51,670.75, Disney's attorneys' fees of $455,122.49, independent of its costs, would still have exceeded Martinez's requested fees and costs of $428,363.69.

**5.** The district court did not abuse its discretion in reducing Martinez's attorneys' fees and costs request for the state and federal disability discrimination claims. The court had "considerable discretion" in determining what fee award was reasonable. *Webb v. Ada Cnty., Idaho*, 195 F.3d 524, 526-27 (9th Cir. 1999) (citation omitted). Where a plaintiff's success is limited, as it is here, the award may "not include time expended on the unsuccessful claims" if they are unrelated to plaintiff's successful claims. *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 901 (9th Cir. 1995) (citation omitted).

Here, the court's conclusion that the disability claims upon which Martinez prevailed (access-barriers) are distinct factually and legally from Plaintiff's unsuccessful disability discrimination claims (Small World, lack of sufficient family restrooms, and emergency evacuation) was not an abuse of discretion. Thus, the district court did not abuse its discretion in reducing Martinez's award under the ADA, Unruh Act, and Disabled Persons Act. *See Rodriguez v. Barrita*,

5

*Inc.*, 53 F. Supp. 3d 1268, 1288–90 (N.D. Cal. 2014); *see also Chavez v. City of Los Angeles*, 47 Cal. 4th 970, 989 (2010).

**6.** Lastly, the district court did not abuse its discretion in denying Martinez fees under California Code of Civil Procedure Section 1021.5. A plaintiff may recover fees under this section when "(1) the litigation enforced an important right affecting the public interest, (2) a significant benefit was conferred on a large class of persons, and (3) the necessity and financial burden are such that an award of attorney's fees is appropriate." *Keith v. Volpe*, 858 F.2d 467, 486 (9th Cir. 1988) (citations omitted); *see* Cal. C.C.P. § 1021.5.

Even if Martinez is correct that the district court did not properly analyze the third factor, he has failed to show that his tort claim victories–for negligence and premises liability–have conferred a significant public benefit on a large class of persons. *See Muniz v. U.S. Parcel*, 738 F.3d 214, 219 (9th Cir. 2013) ("We may affirm on any basis supported by the record, whether or not relied upon by the district court."); *LaGrone v. Oakland*, 202 Cal. App. 4th 932, 946 (Cal. Ct. App. 2011) ("The possibility that [plaintiff's] lawsuit may have conveyed a cautionary message to [defendant] about [its] conduct, or that it might cause [it] to change [its] practices in the future, is insufficient to satisfy the significant public benefit requirement.").

**AFFIRMED.**